**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE GRANUM, *Plaintiff*, v. STEVE WILLIAMS, *Defendant*. | Civil Action No. 21-cv-20230 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This is a personal injury action in which Plaintiff alleges that Defendant negligently operated his motor vehicle. Currently pending is Defendant's motion to dismiss the Complaint for lack of personal jurisdiction. D.E. 6. Plaintiff opposes the motion. D.E. 7. The Court reviewed the parties' submissions[1] in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff and Defendant were involved in a motor vehicle collision on February 21, 2021, in Mount Vernon, New York. Compl. ¶¶ 1-3. Plaintiff allegedly sustained "severe bodily injury and mental anguish" because of Defendant's negligence. *Id.* ¶ 4. Plaintiff further alleges that the

---

[1] Defendant filed a certification in support of his motion to dismiss ("Def. Cert."), D.E. 6-1, and Plaintiff filed a certification in opposition ("Plf. Cert."), D.E. 7.

collision resulted in significant expenditures for medical treatment, and rendered Plaintiff incapacitated and unable to perform daily duties. *Id.* ¶ 5.

Plaintiff filed his Complaint on November 29, 2021. D.E. 1. On December 11, 2021, Plaintiff's process server left copies of the Summons and Complaint with Defendant's son at Defendant's residence in the Bronx, New York. D.E. 5. Defendant subsequently filed the instant motion to dismiss for lack of personal jurisdiction. D.E. 6.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). For such a motion to dismiss, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court takes "the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any factual conflicts in the affidavits and other written materials in the plaintiff's favor." *Id.* (internal punctuation and quotations omitted).

## III.    ANALYSIS

Under the Due Process Clause, personal jurisdiction can be obtained through consent, waiver, or in-state service on an individual defendant. *See Burnham v. Superior Court of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x. 718, 719 (3d Cir. 1999) (regarding consent). In cases where these methods cannot be satisfied, personal jurisdiction may also be obtained where a "defendant has certain minimum

contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted). In other words, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *Burger King*, 471 U.S. at 472 n.14 (1985)). Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014)). General jurisdiction permits a court to assert jurisdiction over an individual defendant that is domiciled in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). If a defendant is subject to a forum's general jurisdiction, the defendant can be sued there on any matter. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If, however, a defendant is solely subject to specific jurisdiction, the defendant may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id.* As to specific personal jurisdiction, "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state," so long as the jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). "New Jersey's long-arm statute extends the state's

jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Display Works, LLC*, 182 F. Supp. 3d at 172 (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998)).

Courts in the Third Circuit use a three-part test to determine whether specific personal jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317 (internal quotations omitted). First, the defendant must have "purposefully directed [its] activities at the forum."[2] *Id*. (internal quotations omitted). Second, the plaintiff's claims "must arise out of or relate to at least one of those activities." *Id*. (internal quotations omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id*. (internal quotations omitted).

Here, Plaintiff fails to satisfy any of the methods used to obtain personal jurisdiction. Defendant did not consent to jurisdiction nor waive his right to raise a jurisdictional defense. Defendant was also not served in New Jersey. D.E. 4. General jurisdiction does not exist because Defendant appears to be domiciled in New York. Def. Cert. ¶ 4. This leaves only specific personal jurisdiction. To establish specific personal jurisdiction, the plaintiff bears the burden of pleading "with reasonable particularity sufficient contacts between the defendant and the forum state." *Otsuka*, 106 F. Supp. 3d at 462 (citing *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Here, Plaintiff has not identified any compelling link between Defendant, the accident, and New Jersey. Although Plaintiff resides in New Jersey, *id*. at 1,

---

[2] This factor has also been characterized as "purposeful availment." *Burger King*, 471 U.S. at 475. The factor focuses on contact that the defendant itself created with the forum State. *Id*. The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person." *Id*. (internal quotations omitted) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

Defendant's contacts with the forum are it issue. As noted, Plaintiff's allegations involve a motor vehicle accident that occurred in New York. Compl. ¶¶ 1-3. Moreover, in his certification in opposition, Plaintiff only discusses the validity of this Court's subject matter jurisdiction based on diversity, an issue that does not appear to be in dispute. Plf. Cert. ¶ 1. There is no evidence that Defendant had any contacts with New Jersey to satisfy specific personal jurisdiction. As a result, this Court cannot exercise specific jurisdiction over Defendant.

In sum, Plaintiff fails to meet his burden of establishing personal jurisdiction over Defendant.

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 22nd day of July, 2022,

**ORDERED** that Defendant's motion to dismiss for lack of personal jurisdiction, D.E. 6, is **GRANTED**; and it is further

**ORDERED** that the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.